**FILED**
**JUL 2 9 2015**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William J. Green, ) | |
| ) | |
| Plaintiff, ) | Case: 1:15-cv-01223 |
| ) | Assigned To : Unassigned |
| v. ) | Assign. Date : 7/29/2015 |
| ) | Description: Pro Se Gen. Civil (F) |
| President Barack Obama *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION

This matter is before the Court on review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the case will be dismissed for want of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff is a resident of Savannah, Georgia. He purports to sue President Barack Obama, Vice President Joe Biden and former President George H.W. Bush, among others. The complaint is captioned: "Cause of Action Lawsuit Stolen Written Works at Intelectual [sic] Writings from Plaintiff by Defendants and A. Songbook of Lyrics Stolen." The complaint

consists of an incoherent sentence referencing September 1989 and various music genres and unexplained, incoherent attachments.

The complaint is so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.'") (quoting *Tooley*, 586 F.3d at 1009). Even if the Court were to exercise jurisdiction, the complaint is frivolous and, thus, subject to dismissal under 28 U.S.C. § 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Hence, this case will be dismissed with prejudice. A separate order accompanies this Memorandum Opinion.

Date: July 22, 2015

United States District Judge